IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **2:26-cr-73** |
| | ) | |
| vs. | ) | **Judge Marilyn J. Horan** |
| | ) | |
| JUSTIN QUALYNN SMITH | ) | |
| | ) | |

## OPINION and ORDER ON MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST TO RE-OPEN THE RECORD

Presently before the Court is Defendant Justin Qualynn Smith's Motion to Revoke the Magistrate Judge's Detention Order and Request to Re-Open the Record. ECF No. 28. Defendant requests release from detention arguing that the government failed meet its burden of proving that no condition or combination of conditions exist that can reasonably assure the safety of the community and that Mr. Smith will appear as required. *Id.* at 6. He also requests that the Court reopen the detention hearing record based upon the existence of new, material information, pursuant to 18 U.S.C. § 3142(f). The government opposes Defendant's request to reopen the record and Defendant's release pending trial. ECF No. 30. For the reasons set forth below, Defendant's Motion will be denied.

## I.      Background

Defendant is charged in Count 1 of the Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The government filed a Request for Detention because Defendant is charged with a felony involving the possession of a firearm and based upon the allegation that Defendant is a danger to the community and/or a flight risk. ECF No. 11. On April 20, 2026, Magistrate Judge Maureen P.

1

Kelly held a detention hearing, at which Detective Shane Countrymen testified. ECF No. 21; Tr. of Hearing, filed at ECF No. 24 and as an Ex. To Defendant's Motion, at ECF No. 28-1. After hearing evidence and argument, Magistrate Judge Kelly ordered Defendant detained, finding by clear and convincing evidence that there is no condition or combination of that reasonably assure the safety of any other person and the community. Order of Detention Pending Trial, ECF No. 22; Tr. at 55-56.

## II.     Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*, governs release and detention pending judicial proceedings. Under the Bail Reform Act, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and/or the safety of the community, detention must be ordered. 18 U.S.C. § 3142(e).

A District Court exercises *de novo* review over the detention order entered by the magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985). *De novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) ("*De Novo* review does not require a *de novo* evidentiary hearing"). The Court may also consider any additional

2

evidence or proffers submitted in connection with the motion. *United States v. Turner*, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008).

Here, the Court has considered the transcript of the proceedings before Judge Kelly, the Pretrial Services Bond Report and the parties' briefs. The Court also considered Defendant's Exhibits A through D, which were admitted at the detention hearing. Tr. at 37-39; ECF No. 27-1 through 27-4.[1] As explained below, the Court will also consider Defendant's Exhibits F and G, attached to Defendant' Motion and submitted in support of Defendant's request to reopen the record. ECF No. 28-2 & 28-3.[2]

### A. Magistrate Judge's Detention Decision

After receiving evidence and argument, Judge Kelly explained her decision to detain Mr. Smith based upon a variety of factors. She relied upon the Pretrial Services Bond Report, which concluded that there were no conditions or combination of conditions to reasonably assure the safety of the community, and thus recommended detention. With respect to the nature and circumstances of the offense charged, Judge Kelly noted that the offense involves the possession of a firearm and ammunition, and that the firearm was found immediately adjacent to a backpack containing three grams of crack cocaine. Judge Kelly also concluded that the weight of the evidence against Mr. Smith is significant. She noted, in part, that Mr. Smith was the target of a drug task force investigation, which indicated that he was selling crack cocaine, he carried multiple firearms, and he conducted two controlled buys. While recognizing that Mr. Smith is

---

[1] Exhibits A through D are: an April 16, 2026 letter of support from Jessica Bray, three photos of Mr. Smith with family members, the obituary for Mr. Smith's father, and an email from Mr. Smith's Allegheny County defense attorney.

[2] Exhibits F and G are: a letter confirming future employment for Mr. Smith and a May 29, 2026 letter of support from Jessica Bray.

presumed innocent of the charged offense, Judge Kelly determined that the weight of the evidence against Mr. Smith favors pretrial detention.

With respect to Mr. Smith's history and characteristics, Judge Kelly's assessment of the the individual subfactors -- physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, history relating to drug or alcohol abuse, and record concerning appearance at court proceedings  as either neutral or weighing in favor of Mr. Smith.

Judge Kelly found that her assessment of the nature and seriousness of the danger to any person or the community that would be posed by Mr. Smith's release weighs heavily in favor of detention. In support of finding this factor in favor of detention, Judge Kelly reviewed the record and stated:

> I see six prior felony convictions involving drugs or physical assault and violence.
> That is a very significant number. I see nine sets of drug-related charges, seven
> sets of assault-related charges. I am also looking at your prior record where I see
> at least twice you incurred new charges while you were on bond or probation.

Tr. 55. Judge Kelly also recognized that some of the historical events occurred when Mr. Smith was 18 or 20. She also indicated that she was not considering his juvenile record. Judge Kelly, however, did rely upon Mr. Smith's pattern of drug dealing, his involvement with violence, and his involvement of guns, to support her decision that detention was necessary.

### B.  Request to Reopen the Record Pursuant to § 3142(f)

Pursuant to 18 U.S.C. § 3142(f). Mr. Smith proffers new evidence in support of his request to reopen the record. He contends the information is material and supports release. He submitted a letter from Angels Home Care, Inc, indicating that the organization will hire Mr. Smith upon his release from prison and a second letter from Jamaica Bray. In this second letter, Ms. Bray emphasizes that, despite potentially erroneous testimony during the bond hearing, she

4

and Mr. Smith live in McKeesport, not Penn Hills. Ms. Bray also offers her support for Mr. Smith being released to her home. She also details the benefits that would occur to her and her daughters, if Mr. Smith were able to care for Ms. Bray's mother as a paid employee of Angels Home Care, Inc.

> The relevant portion of § 3142(f)provides:

> a detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). Mr. Smith argues that his new offer of employment from Angels Home Care was not known to him at the time of the hearing. At the detention hearing, his plan was to return to work for his own company. Further, he would be working inside the home where he intends to reside, and he would be caring for Ms. Bray's mother. Finally, he suggests that Ms. Bray's letter clarifies any confusion about Mr. Smith obtaining medication on the day of his arrest. The government argues that the proffered evidence is neither new nor material, and even if the Court considered the Exhibits, such would not change the conclusion that detention is appropriate.

The present procedural posture is Mr. Smith's first-time motion to the District Court seeking to revoke the Magistrate Judge's detention order, pursuant to § 3145(b). In such circumstances, the Court need not conduct an analysis of the proffered new evidence under § 3142(f). Pursuant to § 3145(b) and applicable case law, the Court may consider such evidence as part of its de novo review of the detention order. *Delker*, 757 F.2d at 1394–95; *Chagra*, 850 F. Supp. at 357. Because the review is de novo, the Court is permitted to consider any properly submitted new evidence. *Turner*, 2008 WL 4186212, at *1 (court may consider additional

5

evidence submitted in connection with the motion). Section 3142(f), on the other hand, specifically refers to the reopening of an already conducted detention hearing and/or decision. *See, e.g., United States v. Selvage*, No. 3:20-CR-13-SLH-1, 2020 WL 7239923 (W.D. Pa. Dec. 9, 2020) (defendant's motion to reopen detention hearing presented to magistrate judge who had previously held the hearing) and *United States v. Corbitt*, No. 1:20-CR-00030, 2020 WL 2098271, at *1 (M.D. Pa. May 1, 2020) (same).

Accordingly, the Court will consider the additional exhibits submitted with Mr. Smith's Motion. The request to reopen the record will be denied as moot.

## C. Analysis

The Court agrees with Judge Kelly that the government presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case. The Court has conducted an independent examination of the record evidence and balanced the factors set forth in 18 U.S.C. § 3142(g), which include the following: the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance or a firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The Court finds that the evidence proffered at the detention hearing continues to weigh in favor of detention, and that the new evidence submitted, and considered, with Mr. Smith's Motion does not alter that conclusion.

Mr. Smith has been indicted for a serious offense involving the possession of a firearm and ammunition by a convicted felon. A conviction will likely include a mandatory minimum sentence of 180 months. The firearm in question was recovered adjacent to a backpack containing three grams of crack cocaine. These factors, combined with Mr. Smith's past criminal

6

convictions, as recounted by Judge Kelly, weigh against Mr. Smith. As recounted in Judge Kelly's decision, Mr. Smith's strong arguments in favor of release are insufficient to overcome the factors weighing in favor of detention, primarily the need to protect the safety of the community. Accordingly, the Court finds that Defendant shall remain detained.

**III.     Conclusion**

As stated previously, it is not necessary to hold an evidentiary hearing as the Court is able to make a thorough *de novo* review on the basis of the transcript, evidence introduced at the detention hearing, plus the additional defense exhibits, as well as a review of all other evidence in the record. For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, Mr. Smith's Motion to Revoke the Magistrate Judge's Detention Order will be denied.

An appropriate Order follows.

### **ORDER**

AND NOW, this 9th day of July 2026, for the reasons set forth above, IT IS ORDERED that Defendant's Motion to Revoke the Magistrate Judge's Detention Order, ECF No. 28, is DENIED.

IT IS FURTHER ORDERED that Defendant's Request to Re-Open the Record is denied as moot.

                                                        __s/*Marilyn J. Horan*
                                                        Marilyn J. Horan
                                                        United States District Judge